## In the Supreme Court of Pennsylvania.

## PLYMOUTH MANUFACTURING COMPANY'S APPEAL.

A contract by which A. agreed to execute a good and sufficient deed of a lot of ground to B., upon the payment of fifty dollars, the erection of a building, and its operation as a foundry by the latter, will be enforced, notwithstanding the business of a foundry was afterwards changed.

Appeal from decree of the Orphans' Court of Luzerne county.

Opinion delivered March 23, 1874, by

GORDON, J. The plaintiffs, claiming under John F. Derby, on the 27th of November, 1871, presented their petition to the orphans' court of Luzerne county, praying for a decree of specific performance against the administrator and heirs of George H. Dietrick, deceased. This petition is founded upon articles of agreement, dated March 1, 1860, in which

Dietrick agrees to convey to Derby a certain lot of ground in Plymouth, Luzerne county, the consideration for which is set out as follows : "whereas, John F. Derby, of Pinegrove, Schuylkill county, Pennsylvania, is about erecting a building on lands of Henderson Gaylord and Draper Smith, in Plymouth, Luzerne county, Pennsylvania, of about two hundred feet in length and about thirty feet in width, to be used as foundry and machine shop, according to the general acceptation of the term ; and whereas, it is necessary to have more land to lay down a railroad track and several switches for the convenience of building and repairing railroad cars, and a connection of the said railroad and switches with the Lackawanna and Bloomsburg Railroad : Now, George H. Dietrick, of Plymouth, Luzerne county, Pennsylvania, agrees for himself, his heirs, executors and administrators, in consideration of the erection and completion of said building, and the further consideration of the sum of fifty dollars, to be paid to him, the said George H. Dietrick, that he will make and execute unto the said John F. Derby, his heirs or assigns, *a good and sufficient deed* for the following described piece of land, situate in Plymouth aforesaid, *whenever the said building as aforesaid shall be erected, and* (the) *business aforesaid shall be in operation.*"

The court below refused its decree on the ground that the agreement on the part of Derby to erect the building and use it for a foundry and machine shop, was a continuing condition or covenant, and hence, it was broken by the subsequent conversion of such building to other purposes. If the premises thus adopted by the court be correct, the conclusion follows as an inevitable consequence, for no one can come into court with a broken covenant in his hand and successfully move that court in his favor. If, however, the case is as the plaintiff contends, that Derby, in good faith, erected the stipulated building, and used it for the purpose intended by the parties to the agreement, and the covenant was not a continuing one, then the complainants should have had the decree they asked for.

The question depends for its solution upon the construction of the contract.   The main facts are undisputed.   Derby, in 1860, erected the building, and he, his representatives, and vendees, including the plaintiffs, used it as a foundry and machine shop from that date until the year 1870, when it was sold to Harvey Bros. & Kern, who removed the machinery, and converted it into a planing mill.

A governing question in this case is as to the time when Derby was entitled to demand his deed.   Upon this point we can have no difficulty, for thereupon the contract is specific: "*Whenever the said building as aforesaid shall be erected, and the business mentioned shall be in operation,*" then, upon the payment of fifty dollars, Dietrick was to execute to Derby, his heirs or assigns, *a good and sufficient deed* for the premises.   From the testimony no one can doubt that Derby did erect the building, and did put the required business into full operation.   It is not even pretended

that he was derelict in a single particular. Having then complied with his covenant in good faith, was he not entitled to his deed ? Had he not done all he contracted to do? But it is insisted that had a deed then been made, Dietrick might have inserted the covenant therein as a condition, by which the deed would have been forfeited upon a change or abandonment of the specific business. But to this we answer the parties did not so contract, and no such inference, can be fairly drawn from the language of their agreement. Derby's covenant was to do a particular thing, not to continue the doing thereof through all time.

The condition was a precedent one, and upon its fulfillment he was entitled to *a good and sufficient deed*. But a good and sufficient deed means one that will pass the estate of the grantor free from all conditions. or encumbrances. Under such a covenant we could not consent to permit the property to be subjugated by a perpetual condition so onerous as. to seriously detract from, if not wholly to destroy its value, unless the terms of the contract clearly required it.

It follows from what has been said, that if Derby in his lifetime, as the testimony clearly indicates, complied with his covenant, by erecting the building required by the articles of agreement, and using it as a foundry and machine shop, it only remains for his vendees to pay to Dietrick's. representatives fifty dollars, with lawful interest, in order to entitle them to a deed.

Order of the court reversed, and *procedendo* awarded.